# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4509 | **DATE** | 5/6/2004 |
| **CASE TITLE** | WANDA RAYMOND vs. AMERITECH CORPORATION | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Plaintiff's motion to modify Magistrate Judge's rulings on discovery [doc. No. 24-1] and grants in part and denies in part Plaintiff's motion for an extension of discovery [doc. No. 24-2].

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | MAY 07 2004 | |
| | Notified counsel by telephone. | date docketed | 34 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| CG | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

**MAY 0 7 2004**

WANDA RAYMOND,            )
                          )
    Plaintiff,            )
                          )        Judge Ronald A. Guzmán
    v.                    )
                          )        03 C 4509
AMERITECH CORPORATION d/b/a )
SBC Ameritech,            )
                          )
    Defendant.            )

## MEMORANDUM OPINION AND ORDER

In this employment discrimination suit, Plaintiff Wanda Raymond has raised objections, pursuant to Fed. R. Civ. P. ("Rule") 72, to Magistrate Judge Edward A. Bobrick's Order of January 15, 2004 that granted in part and denied in part Plaintiff's motion for protective order and his January 27, 2004 Order that denied Plaintiff's motion to quash. For the following reasons, the Court rejects Plaintiff's objections and holds that neither order was clearly erroneous or contrary to law.

## FACTS

After SBC Ameritech laid off Raymond and terminated her employment, she sued her former employer for age, race and sex discrimination, alleging she suffered emotional distress caused by defendant's alleged discriminatory treatment of her. During discovery, SBC Ameritech learned that since 1990, Raymond and her husband had $60,000 in credit card debt from their gambling, that prior to her layoff she had three mortgages on her home and had borrowed $30,000 from her sister, and that Raymond and her husband declared bankruptcy in

34

December 2001, one month after her layoff, despite her earnings of $100,000 and her husband's receipt of almost $15,000 in social security benefits in 2001. When Raymond sought counseling from a social worker after her layoff, she indicated that she was struggling with her husband's debilitating neurological condition and financial problems associated with her lack of income, the bankruptcy, and her debts due in part to gambling.

On January 15, 2004, Magistrate Judge Edward A. Bobrick granted in part and denied in part Raymond's motion for a protective order. He denied the motion with respect to: (1) Raymond's personal medical records to the extent that there is any indication of her reporting emotional stress or any diagnosis of serious disease; (2) inquiries about stressors that may have an impact on her emotional state, such as her husband's illness, her financial problems, and her inability to find a suitable position after the layoff; (3) production of one year's worth of Raymond's credit card records for the purposes of determining whether her emotional distress was caused by her and her husband's gambling debts; and (4) inquiries at Raymond's deposition regarding her employment after the layoff for the sole purpose of mitigation. He granted the motion with respect to inquiries about sexual behavior and also held that defendant was not permitted to subpoena her subsequent employers. Although Raymond requested that he limit the length of her deposition, he denied the request stating that there had been no showing that the discovery process had become abusive or burdensome.

On January 27, 2004, Magistrate Judge Bobrick denied Raymond's motion to quash subpoenas of casino records from gambling facilities. He limited the scope of the subpoenas to documents relating to three years prior and one year subsequent to Raymond's layoff and also modified the scope of production of Raymond's credit card records to match that of the gambling facility records.

Plaintiff now seeks to: (1) modify Magistrate Judge Bobrick's January 15 Order, which set no time limit for Plaintiff's deposition, so that the second session of Plaintiff's deposition is limited to three hours; (2) modify Magistrate Judge Bobrick's January 27 Order, which permitted discovery as to four years of Plaintiff's credit card statements, to limit such discovery to one year of credit card statements; (3) modify Magistrate Judge Bobrick's January 27 Order, which permitted discovery as to four years of Plaintiff's and her husband's gambling, to disallow any such discovery; and (4) extend the discovery cut-off date.

## DISCUSSION

Pursuant to Rule 72(a), a magistrate judge "to whom a pretrial matter not dispositive of a claim or defense of a party is referred to hear and determine shall promptly conduct such proceedings as are required and when appropriate enter into the record a written Order setting forth the disposition of the matter." Fed. R. Civ. P. 72(a). A magistrate judge is authorized to make independent decisions on "any pretrial matter" with the exception of eight specified matters. 28 U.S.C. § 636(b). Although the list of eight dispositive motions under section 636(b) is not exclusive, in "[r]eading section 636(b) and Federal Rule 72 together, the term 'dispositive' in Rule 72(b) generally refers to those orders resolving these eight listed matters." *See Adkins v. Mid-American Growers, Inc.*, 143 F.R.D. 171, 175 n.3 (N.D. Ill. 1992).

Routine discovery motions are considered to be "nondispositive" within the meaning of Rule 72(a). *Id.; see Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Johnson v. Old World Craftsmen, Ltd.*, 638 F. Supp. 289, 291 (N.D. Ill. 1986). The Federal Rules of Civil Procedure grant magistrate judges broad discretion in resolving discovery disputes. *Heyman v. Beatrice Co.*, No. 89 C 7381, 1992 WL 245682, at *2 (N.D. Ill. Sept. 23,

3

1992). A magistrate judge's ruling on a nondispositive matter may only be reversed on a finding that the ruling is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1).

As an initial matter, it would have been helpful if Plaintiff had cited the relevant portions of the transcripts of the two hearings to which she objected. She failed to do so, and as a result, the Court has been forced to review all eighty pages of the hearing transcripts in order to rule on her objections.

With regard to Plaintiff's request to limit her deposition to three hours, the Court does not find Magistrate Judge Bobrick's denial of her request for a time limit at the January 15, 2004 hearing was clearly erroneous. Pursuant to Rule 30(d)(2), "[u]nless otherwise authorized by the court or stipulated by the parties, a deposition is limited to one day of seven hours." Fed. R. Civ. P. 30(d)(2). On November 25, 2003, Defendant deposed Raymond for approximately seven hours and the deposition was authorized to be continued per Magistrate Judge Bobrick's November 17, 2003 Order granting Defendant's motion to compel. On January 15, 2004, at the hearing on Plaintiff's motion for a protective order, the parties addressed in depth the issues that were to be explored during Raymond's continued deposition, including causation of emotional distress, accompanying stressors, and mitigation of damages. Magistrate Judge Bobrick stated: "As long as the attorney is not asking repetitive questions or has become abusive, the deposition has not become abusive in nature, I'm not going to give anybody a time limitation." (1/15/04 Hr'g Tr. at 27-38.) He went on to say: "If there's unruly conduct with respect to the deposition, I'm available to issue any order that's necessary. If the inquiry is fundamentally fair, there is no abusive discovery, burdensome discovery, it's not repetitious, it's going into relevant matters, then the deposition has to go forward." (*Id.* at 39.)

4

Due to the potentially wide range of issues as to which Raymond had yet to be deposed, it is clear that Magistrate Judge Bobrick's denial of a time limitation was not clearly erroneous or contrary to law. Further, Magistrate Judge Bobrick emphasized that if Defendant's inquiries at Raymond's continued deposition were to become abusive, burdensome, or repetitious, he would entertain objections if such an occasion arose, which is the appropriate way to treat such issues.

Next, Plaintiff objects to Magistrate Judge Bobrick's January 27, 2004 Order, which permitted discovery as to four years of Plaintiff's credit card statements, and instead seeks to limit such discovery to one year of credit card statements. She also objects to any discovery as to casino records of her or her husband's gambling losses.

"A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues." *Santelli v. Electro-Motive*, 188 F.R.D. 306, 309, (N.D. Ill. 1999). "[D]amages must be proportional to the injury actually caused by the defendant[.]" *Merriweather v. Family Dollar Stores of Ind., Inc.*, 103 F.3d 576, 581 (7th Cir. 1996); *see Avitia v. Metro. Club of Chicago, Inc.*, 49 F.3d 1219, 1229 (7th Cir. 1995).

Plaintiff testified at her deposition that since 1990, she and her husband had $60,000 in credit card debt from their gambling. She also testified that after the layoff, she told a social worker she was struggling with financial problems due in part to her bankruptcy and debts from gambling. Raymond further testified that she gambled after the layoff to pay her bills.

Plaintiff testified that she and her husband helped finance their gambling through cash advances on their credit cards. Defendant sought discovery of Plaintiff's credit card statements and casino records for the purpose of determining whether her and her husband's gambling

5

caused or exacerbated her emotional distress. On January 15, 2004, Magistrate Judge Bobrick limited discovery as to her credit card statements to one year prior to the layoff. On January 27, 2004, at the hearing on the motion to quash the subpoenas relating to casino records, he revisited the issue because whether casino records were discoverable for the purpose of determining cause or exacerbation of emotional distress mirrored whether credit card statements were discoverable. Such reconsideration was not clearly erroneous given the identical purposes for which such discovery was sought. He stated that the period of discovery would be three years before and one year after the layoff with respect to casino records and credit card statements. In addition to damages for emotional distress, Raymond seeks $50,000 in damages because she alleges that her layoff caused her to draw down on her 401(k) benefits, which resulted in tax penalties. Whether the Raymonds' financial problems, including gambling debts, contributed to Plaintiff's damages is clearly an issue that Defendant should be allowed to explore. Merely because Plaintiff avers that she did not begin to have financial problems or seek counseling until after the layoff is an insufficient basis to disallow such relevant discovery. Plaintiff testified that her and her husband's gambling debts were amassed over several years. The Court finds that the discovery period of three years prior and one year subsequent to the layoff as set by Magistrate Judge Bobrick is clearly reasonable given the specific facts of this case. Accordingly, discovery as to Plaintiff's casino records and the discovery period as to such records and her credit card statements is not contrary to law or clearly erroneous.

Lastly, Plaintiff seeks an extension of discovery because Defendant "almost refused to produce key witnesses" including David Conley, the decision maker, who was available only two days in February 2004. (Pl.'s Mot. Modify ¶ 29.) It appears from Defendant's response that the parties agreed to depose Conley in March 2004. Although Plaintiff opines that

6

Defendant otherwise has abused the discovery process by being dilatory, she has not elaborated or pointed to concrete examples, and accordingly the Court declines to address such vague suggestions. Plaintiff simply fails to establish that an extension of discovery is necessary or warranted. Accordingly, with the exception of issues specifically addressed in this Memorandum Opinion and Order, discovery is closed. The Court denies Defendant's request for fees spent in responding to the instant motion. However, we must point out that nothing Plaintiff has presented or argued even approaches a finding of clearly erroneous or contrary to the law.

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion to Modify Magistrate's Rulings on Discovery [doc. no. 24-1] and grants in part and denies in part Plaintiff's Motion for an Extension of Discovery [doc. no. 24-2].

**SO ORDERED:**      **ENTER:** 5/6/04

HON. RONALD A. GUZMAN
**United States Judge**